BROWN, OSBORNE & CO. v. NEWELL.

APPEAL—"CASE."—A "skeleton" "case" is a sufficient "proposd case" for appeal.

At the April term, 1901, a motion was made to dismiss this appeal on the notices hereinafter stated, and this part of the case should have been reported with the main case, but the Reporter's notes at that time had been mislaid.

The following is a copy of the "proposed case:"

"This action was commenced on the 10th day of March, 1900, and the summons and complaint in said action were served on the defendants during the month of March, 1900.

"The following is a copy of the complaint in this action: (Here insert copy of complaint, omitting caption.)

"Thereafter and in due time the defendant, appellant, J. Matt Cooley, served his answer to said complaint, of which the following is a copy: (Here insert copy of appellant's answer, omitting caption).

"The defendant, J. W. Hardin, in due time served his answer to said complaint, of which the following is a copy: (Here insert copy of said answer, omitting caption.)

"The defendant, respondent, A. T. Newell, in due time served upon plaintiff's attorneys his answer to said complaint, of which the following is a copy: (Here insert copy of said answer, omitting caption.)

"The defendant, the Bank of Anderson, in due time served its answer to said complaint, of which the following is a copy: (Here insert copy of said answer, omitting caption.)

"The defendants, respondents, Brock Bros., in due time served their answer to said complaint, of which the following is a copy: (Here insert copy of said answer, omitting caption.)

"Thereafter the issues in this action were referred to R. Y. Nance, Esq., special referee, of which order of reference the following is a copy: (Here insert copy of said order of reference.)

"Thereafter references were held by said special referee in pursuance of said order, at which time the following evidence and testimony was taken: (Here insert copy of testimony and evidence, including all the documents put in evidence except judgment roll in Newell *v.* Neal; judgment and the notes and mortgages submitted in evidence by the plaintiffs to establish their claims in their own right and as assignees, and except the paper put in evidence by defendants, Brock Bros., to establish their claim, and except the paper put in evidence by the Bank of Anderson to establish its claim, and except the copy of the record of the mortgage executed by the said A. T. Newell to said J. Matt Cooley, with the testimony and evidence; insert all the motions made during the progress of the trial and the rulings of the special referee thereon.)

"Thereafter, to wit: on the 11th day of October, 1900, said special referee filed his report in said case, of which report the following is a copy: (Here insert report of special referee.)

"Notice of the filing of said report was duly served on all the parties to this action.

"Thereafter and in due time the plaintiffs served on the attorneys for the defendant, J. Matt Cooley, the appellant herein, exceptions to said report, of which exceptions the following is a copy: (Here insert copy of said exceptions.)

"In due time the defendant, A. T. Newell, served on the attorneys for said J. Matt Cooley exceptions to said report, of which exceptions the following is a copy: (Here insert copy of said exceptions.)

"In due time the Bank of Anderson served on the attorneys for J. Matt Cooley exceptions to said report, of which exceptions the following is a copy: (Here insert copy of said exceptions.)

"In due time the defendant, appellant, J. Matt Cooley, served upon the attorneys for the plaintiffs and the attorneys for the said A. T. Newell; also the attorneys for the defendants, Brock Bros.; also the attorneys for the Newell *v.* Neal judgment and Peoples Bank; and attorney for the defendant, the Bank of Anderson, exceptions to said report, of which exceptions the following is a copy: (Here insert copy of said exceptions of said J. Matt Cooley.)

"Thereafter said case was heard on said exceptions and report by his Honor, special Judge J. H. Hudson, at the special term of the Court of Common Pleas, beginning at Anderson C. H., on the 10th day of November, 1900. After said hearing, said Judge filed his judgment and decree in said case, bearing date the 18th day of December, 1900, of which judgment and decree the following is a copy: (Here insert copy of said judgment and decree.)

"Thereafter in due time, to wit: on the 11th day of December, 1900, the said appellant, J. Matt Cooley, served upon the attorneys for the plaintiffs, respondents, and the attorneys for said defendant, respondent, A. T. Newell, and on the attorney for the defendant, respondent, the Bank of Anderson, and on the defendants, respondent, Brock Bros., and the attorneys for the Peoples Bank and the Newell *v.*

Neal judgment, notice of intention to appeal to the Supreme Court of this State from said decree and judgment of said J. H. Hudson, special Judge, of which notice of intention to appeal the following is a copy: (Here insert the copy of said notice of intention to appeal.)"

Then attached to this was the exceptions for appeal to this Court.

When the "proposed case" · was served, respondents promptly returned it with following indorsement:

"Upon receiving through the mails the within paper, purporting to be a 'proposed case with exceptions,' and after reading same immediately upon its receipt, we herewith respectfully return said paper forthwith, and decline to receive same upon the ground that it is not such a 'proposed case with exceptions' as is provided by law, and the rules of Court, in that it fails to set out sufficient facts, pleadings, orders or judgments to show upon what the exceptions are founded, and, therefore, does not constitute a 'case with exceptions,' within the purview of law, and particularly in that it fails to state:

"(a) The general nature and character of the pleadings, specifying such defendants as answered or demurred and the general nature of each answer, several answers having been filed in this case.

"(b) The facts or conclusions of fact to which the errors of law complained of in the exceptions relate.

"(c) The evidence or fact upon which the determination of fact complained of in the exceptions as error was based.

"(d) The judgment containing the findings, rulings and decisions complained of as error in the exceptions."

After this the following notice was served on appellant:

"You will take notice that on the 16th day of April, 1901, at 10 o'clock A. M., or as soon thereafter as counsel can be heard, we will move the Supreme Court on the affidavits, hereto attached, to dismiss the appeal of J. Matt Cooley herein on the following grounds, to wit:

"1. Because said appellant did not serve a case with

exceptions, as required by section 345 of the Code of Procedure, within thirty days after notice of intention to appeal.

"2. Because the blank papers attached to the copy of exceptions mailed to respondents' attorneys on January 17, 1901, and returned with the objections of A. T. Newell, respondent, thereon, of which a copy is set out in affidavit of H. H. Watkins hereto attached, and other respondents herein gave notice of the objections of respondents' attorneys to said proposed case.

"3. Because the blank sheets attached to the copy of the exceptions did not contain anything thereon to which respondents' attorneys could propose amendments as allowed by statute.

"4. Because the blank sheets sent to respondents' attorneys through the mail were promptly returned the same day received, to wit: January 17, 1901, with respondents' objections indorsed thereon, that same was not in compliance with the law and the rules of Court regulating appeals to the Supreme Court.

"5. Because the law and the rules of Court provide that where there are objections to the proposed case, the same shall be settled by the Circuit Judge who heard the cause upon ten days' notice, and if said case was ever settled, no notice thereof was given to respondents' attorneys.

"6. Because blank sheets of paper with a copy of exceptions is not such a "Case" as required by law and the rules of the Court to be served within thirty days after notice of intention to appeal, and said appellant having failed to serve such case with exceptions as provided by the Code and rule of Court, is deemed in law to have waived his appeal."

The appellant printed his "Case" in accordance with the proposed skeleton "Case," and when served they were also promptly returned, and thereafter the following notice was served:

"Take notice that we return the printed matter delivered to us (the printed Case) by the express company, Friday, 6.30 o'clock P. M., April 5th, 1901, in above stated cause,

and will move the Supreme Court, on Friday, the 16th inst., at 10 o'clock A. M., or as soon thereafter as counsel can be heard, on the affidavits and papers to be used in said motions to dismiss said appeal, on the grounds set forth in our previous notice served herein and on further grounds:

"1. Because said printed matter, if intended as the 'proposed case with exceptions,' was not served within thirty days after notice of intention to appeal, which notice was served December 18, 1900, and said printed matter was not served until April 5, 1901, more than thirty days thereafter.

"2. Because said printed matter so delivered to us, April 5, 1901, by the express company, is not the same 'proposed case,' served January 17th, 1901, with our objections indorsed thereon, and respondents have never been served with any 'case with exceptions' until April 5, 1901, to which they could have proposed amendments under the law—typewritten or otherwise.

"You will further take notice that we will insist that the original blank sheets returned to you January 17, 1901, with our objection indorsed thereon, be produced at the hearing of said motions to be used therein."

*Messrs. Tribble & Prince, Bonham & Watkins,* for the motion.

*Messrs. Shuman & Mooney, T. P. Cothran* and *H. J. Haynesworth,* contra.

April 17, 1901. *Per Curiam.* A motion having been made herein by the respondents to dismiss the appeal on the ground that no proper "case and exceptions" have been served upon them, and after argument of counsel,

It is ordered, that the motion be and the same is hereby refused.

It is further ordered, that the appellant's attorneys within ten days furnish the respondents' attorneys with the copies of the printed brief required by the rules of the Court.